12 F.3d 1100
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
David R. HYRAVY, Petitioner/Appellant,
v.
UNITED STATES of America, Respondent/Appellee.
 No. 93-1653.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 19, 1993.*
Decided Nov. 24, 1993.
 
 Before BAUER and MANION, Circuit Judges, and ESCHBACH, Senior Circuit Judge.
 
 ORDER
 
 1
 David R. Hyravy appeals the district court's denial of his motion filed pursuant to 28 U.S.C. Sec. 2255. Hyravy pled guilty to aiding and abetting the distribution of narcotics and conspiracy to distribute narcotics. 21 U.S.C. Secs. 841(a)(1) and 846. He was sentenced on August 26, 1992, and received a two-level reduction for acceptance of responsibility under U.S.S.G. Sec. 3E1.1. Effective November 1, 1992, Sec. 3E1.1 was amended to allow an additional one-level reduction in certain circumstances. U.S.S.G. Sec. 3E1.1(b) (Nov. 1992). Hyravy moved to vacate or correct his sentence, arguing that the 1992 amendment should be applied retroactively. We affirm the denial of his motion.
 
 
 2
 Generally, the district court must apply the sentencing guidelines in effect at the time of sentencing, and may not modify a prison sentence after imposing it. 18 U.S.C. Secs. 3553(a)(4)-(5), 3582(c). See Ebbole v. United States, No. 91-2255, slip op. at 16 (7th Cir. October 27, 1993). However, when a sentencing range has been lowered subsequently by an amendment, the district court can reduce the term of imprisonment if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. 18 U.S.C. Sec. 3582(c)(2); Ebbole, No. 91-2255, slip op. at 16-17.
 
 
 3
 Policy statement Sec. 1B1.10 addresses the retroactive application of an amended guideline range. It provides that only amendments listed in subsection (d) may be applied retroactively to reduce a sentence. U.S.S.G. Sec. 1B1.10(a), p.s. (Nov. 1992). Amendment 459, the revision of Sec. 3E1.1, is not listed in Sec. 1B1.10(d). U.S.S.G. Sec. 1B1.10, p.s. and App. C at 281-283 (Nov. 1992). Therefore, the amended Sec. 3E1.1(b) cannot be applied retroactively without contravening the Commission's policy statement. See Ebbole, No. 91-2255, slip op. at 17 (holding that the amended Sec. 3E1.1 may not receive retroactive application).
 
 
 4
 Hyravy argues that Sec. 3582(c)(2) is not applicable because Amendment 459 is an increase in the reward for acceptance of responsibility rather than a sentence reduction within the meaning of Sec. 3582(c)(2). That argument is flawed because even if the amendment is correctly termed as a "reward," its application would still amount to a sentence reduction, which is exactly what Sec. 3582(c) seeks to govern.
 
 
 5
 Hyravy further contends that policy statement Sec. 1B1.10 does not control Amendment 459. Using Guideline Worksheet D as an example, he argues that Sec. 3E1.1 is considered only after the "adjusted offense level" is determined. Equating the term "adjusted offense level" with the term "guideline range," he concludes that Sec. 3E1.1 does not affect a defendant's guideline range because it is considered after the guideline range is set. Hyravy's argument is meritless because "adjusted offense level" is not synonymous with "guideline range." Rather, a defendant's guideline range is calculated based upon all applicable factors, including any possible adjustment for acceptance of responsibility under Sec. 3E1.1.
 
 
 6
 Next, Hyravy argues that the retroactive application of amended Sec. 3E1.1 is consistent with policy statement Sec. 1B1.10 because the Sentencing Commission intended the courts to do as they wish with "smaller amendments" such as Amendment 459. He relies on the Commission's exclusion of "amendments that generally reduce the maximum of the guideline range by less than six months" from the Sec. 1B1.10(d) list. U.S.S.G. Sec. 1B1.10, comment. (n. 1). Hyravy's reliance is misplaced because the Commission's purpose for the exclusion is to ensure that courts not be burdened with minor downward adjustments. Id. (citing S.Rep. 98-225, 98th Cong., 1st Sess. 180 (1983)).
 
 
 7
 Finally, Hyravy claims that Amendment 459 is a mere "clarification" rather than a substantive change of an earlier version, and thus courts are not prevented from applying it retroactively. Amendments meant to clarify an earlier version of the guidelines may be considered even though not effective at the time of a defendant's sentencing. United States v. Caicedo, 937 F.2d 1227, 1234-35 (7th Cir.1991). See also United States v. Cedano-Rojas, 999 F.2d 1175, 1182 (7th Cir.1993); United States v. Thompson, 944 F.2d 1331, 1347 (7th Cir.1991), cert. denied, 112 S.Ct. 1177 (1992). Amendment 459, however, is not a clarification of the earlier version. It deleted the entire 1991 text of Sec. 3E1.1 and replaced it with the present Sec. 3E1.1. Although the new Sec. 3E1.1 retained the same two-level reduction, albeit in modified form, it added an entirely new one-level reduction in certain circumstances. See Ebbole, No. 91-2255, slip op. at 15 (holding that 1992 amendment of Sec. 3E1.1 is a substantive change, rather than a simple clarification).
 
 
 8
 For the foregoing reasons, the district court's judgment is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and record